```
             UNITED STATES DISTRICT COURT FOR THE
              WESTERN DISTRICT OF NORTH CAROLINA
                      CHARLOTTE DIVISION
                        3:08CV482-1-W
                         (3:03CR162)
```

| | |
|---|---|
| **MONTE GREGORY,** ) | |
| ) | |
|     **Petitioner,** ) | |
| ) | |
|        **v.** ) | **O R D E R** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
|     **Respondent.** ) | |
| _____) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1), filed October 16, 2008.[1]

A review of the subject Motion to Vacate, along with certain pertinent Court records, reflects that on June 16, 2004, Petitioner pled guilty to conspiracy to possess with intent to distribute five or more kilograms of a mixture containing cocaine and fifty or more grams of a mixture containing cocaine base and to using and carrying a firearm in furtherance of a drug traf-

---

[1] In Houston v. Lack, 487 U.S. 266 (1988), the United States Supreme Court held that a pro se prisoner's notice of appeal is deemed filed as of the date on which a prisoner delivers the notice of appeal to prison authorities for forwarding to the district court. Id. at 276. Applying the reasoning of the Houston case to Petitioner's filing of his Motion to Vacate, his Motion to Vacate would be deemed filed on the date he delivered it to prison officials for forwarding to the district court. Reviewing Petitioner's filing and applying the rule set forth in Houston, this Court finds that Petitioner's § 2255 motion should be deemed filed on October 16, 2008, which is the date that Petitioner certified that he placed his motion in the prison mailing system.

ficking crime. On February 14, 2005, the Court sentenced Petitioner to 240 months imprisonment on the drug conspiracy count with a consecutive sixty month sentence for the firearm conviction. Judgment was entered on March 16, 2005. An Amended Judgment was then filed on April 5, 2005. Petitioner did not directly appeal his sentence or conviction. On October 18, 2007, Petitioner filed the instant Motion to Vacate challenging several matters pertaining to his conviction and sentence.

In 1996 Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Here, the record is clear that Petitioner's conviction

became final on or about April 19, 2005.  Petitioner filed the instant Motion to Vacate almost three and a half years later on October 16, 2008. It thus appears to the Court that Petitioner's Motion to Vacate is untimely.

In <u>Hill v. Braxton</u>, 277 F.3d 701, 706 (4th Cir. 2002), the Fourth Circuit held that "when a federal habeas court, prior to trial, perceives a <u>pro se</u> §2254 petition to be untimely and the state has not filed a motion to dismiss based on the one-year limitations period, the [district] court must warn the prisoner that the case is subject to dismissal pursuant to §2244(d) absent a sufficient explanation . . . ."  Applying the <u>Hill</u> notice requirement to § 2255 motions, this Court shall give Petitioner 15 days in which to file a document, explaining why his Motion to Vacate should be deemed timely filed.  <u>See</u> <u>United States v. Sosa</u>, 364 F.3d 507 (4th Cir. 2004) (acknowledging <u>Hill</u> notice requirement in § 2255 case where neither party contested its application).

**NOW, THEREFORE, IT IS HEREBY ORDERED that** within <u>fifteen (15) days of the filing of this Order</u>, Petitioner shall file a document, explaining why he believes his Motion to Vacate should be deemed timely filed.

Signed: October 28, 2008

Frank D. Whitney
United States District Judge