UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV482-1-W
(3:03CR162)

| | |
|---|---|
| MONTE GREGORY, )<br>)<br>   Petitioner, )<br>)<br>   v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>   Respondent. )<br>                                   ) | **O R D E R** |

**THIS MATTER** is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 1), filed October 16, 2008.[1]

On June 16, 2004, Petitioner pled guilty to conspiracy to possess with intent to distribute five or more kilograms of a mixture containing cocaine and fifty or more grams of a mixture containing cocaine base and to using and carrying a firearm in furtherance of a drug trafficking crime. On February 14, 2005, the Court sentenced Petitioner to 240 months imprisonment on the drug conspiracy conviction with a consecutive sixty month sentence for the firearm conviction. Judgment was entered on March 16, 2005. An Amended Judgment was then filed on April 5, 2005. Petitioner did not directly appeal his sentence or conviction.

On October 16, 2008, Petitioner filed the instant Motion to Vacate challenging several matters pertaining to his conviction and sentence. After conducting an initial review of Petitioner's motion, the Court concluded that it appeared that Petitioner's Motion to Vacate was

---

[1] As noted in the Court's October 28, 2008, Order, this Court has applied the mailbox rule set forth in Houston v. Lack, 487 U.S. 266 (1988), and used October 16, 2008, the date Petitioner alleges that he placed his Motion to Vacate in the prison mailing system, as the filing date.

untimely by three-and-a-half years. Therefore, the Court issued a Hill[2] notice ordering Petitioner to set forth why his Motion to Vacate was timely filed.

On November 13, 2008, this Court received Petitioner's response. In his response to the Hill notice, Petitioner asserts that his motion should be considered timely because at sentencing on February 14, 2005, he asked his counsel to file an appeal and that he has been "waiting patiently for a forthcoming Appeal." Petitioner further states that he repeatedly contacted his counsel about the appeal and he just recently found out that his counsel never filed an appeal.

The Fourth Circuit has stated that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." See Harris v. Hutchinson, 209 F.3d 325, 330(4th Cir. 2000.) That is, equitable tolling is "reserved for those rare instances where - due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. at 330.

Given the circumstances of Petitioner's case, this Court does not find that it would be "unconscionable" to enforce the limitation period against Petitioner. Significantly, Petitioner did not raise his counsel's alleged failure to file an appeal as a claim in his Motion to Vacate.[3] More importantly, the Court notes that it is simply unreasonable to wait three-and-a-half years to receive confirmation that your counsel has filed a notice of appeal when in the interim one has

---

[2] Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002).

[3] Because Petitioner does not raise an ineffective assistance of counsel claim for failure to file a direct appeal in his Motion to Vacate, this Court has not analyzed his statute of limitation issue under § 2255(4) as the discovery of his counsel's failure to file an appeal is not a fact supporting a claim asserted in the Motion to Vacate.

**2**

had no indication whatsoever that such an action has been taken. Curiously, despite asserting that he repeatedly attempted to contact his counsel, Plaintiff provides no specifics or evidence regarding how or when he made such attempts. Moreover, when he allegedly could not get a response from his counsel as to the status of his appeal, he does not indicate that he made any attempt to obtain such information from any other logical source. Whether or not an appeal has been filed is a matter of public record – one telephone call or letter from Petitioner or any other family member to this Court or to the Fourth Circuit Court of Appeals would have resulted in his learning that no appeal had been filed. A reasonably diligent person would have easily discovered before the expiration of three-and-a-half years that no appeal had been filed in his case. Petitioner's vague assertion that he unsuccessfully attempted to contact his counsel and yet continued to wait for three-and-a-half years for any information about an appeal that he had requested be filed is insufficient for this Court to find that his limitation period should be tolled.

Petitioner also states that his Motion to Vacate should be deemed timely filed because he satisfies alternative triggers to the running of AEDPA's limitation period. Petitioner asserts that the Government caused him to file late because he was waiting on a promised Rule 35 motion. He contends that his limitation period under AEDPA should not start until that governmental impediment was removed. First, Petitioner chose to wait to file a Motion to Vacate. Petitioner does not indicate, and this Court knows of no reason, why he could not have filed a Motion to Vacate prior to the Government's filing of a Rule 35 motion. Petitioner's decision based on an erroneous understanding of the law does not provide a basis for tolling his limitation period. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004)(ignorance of law by a pro se prisoner is not a basis for equitable tolling). Moreover, the filing of a Rule 35 motion does not stop the

running of AEDPA's limitation period. See United States v. Sanders, 247 F.3d 139, (4th Cir. 2001)(Rule 35(b) does not operate to prevent convictions from becoming final for § 2255 purposes). It logically follows that the non-filing of a Rule 35 motion also would not operate to toll AEDPA's limitation period.

Finally, Petitioner asserts that his limitation period should not have begun to run because he exercised due diligence in providing substantial assistance to the Government. Petitioner's allegation does not assert that he discovered new evidence to support his claims through the exercise of due diligence and thus does not provide this Court with a basis for concluding that his limitation period should begin to run from a date different than the date his conviction became final.

Petitioner's Motion to Vacate was filed three-and-a-half years after his conviction became final. Petitioner has not met his heavy burden of establishing that his limitation period under AEDPA should be tolled. Nor has Petitioner established that his limitation period under AEDPA should begin to run from a date other then the date his conviction became final. As such, this Court holds that Petitioner's Motion to Vacate is untimely.

**NOW**, **THEREFORE, IT IS HEREBY ORDERED that** Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED**.

Signed: November 24, 2008

Frank D. Whitney
United States District Judge