# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:08CV482-1-W
# (3:03CR162)

| | |
|---|---|
| **MONTE GREGORY,** | ) |
| **Petitioner,** | ) |
| v. | ) **O R D E R** |
| **UNITED STATES OF AMERICA,** | ) |
| **Respondent.** | ) |

**THIS MATTER** comes before the Court on Petitioner's Motion Pursuant to Specific Performance to Compel the Government to File a Promised Rule 35(b) Motion (Doc. No. 6), filed December 2, 2008.

In his Motion Petitioner asserts that although he provided truthful, useful information to the Government, the Government, in violation of the terms of his plea agreement, failed to file a substantial assistance motion as promised. Petitioner further asserts that the Government's decision was not rationally related to a permissible Government purpose.

Despite Petitioner's assertion to the contrary, Petitioner's plea agreement does not obligate the Government to file a Rule 35(b) motion on his behalf. Rather, by the explicit terms of the plea agreement, the Government retained the sole discretion as to whether or not Petitioner's assistance was substantial so as to warrant a downward departure motion. (3:03cr162: Doc. 34, ¶ 22a). In addition, Petitioner's plea agreement contains a provision that no agreements, representations, or understandings exist between the parties beyond those set forth in the plea agreement. (3:03cr162: Doc. 34, ¶ 24.)

In such circumstances, a federal court may only inquire into the Government's motives not to file a Rule 35(b) motion in limited circumstances. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir.1994). A court may review whether the prosecutor's decision was based upon an unconstitutional motive or was not rationally related to a permissible government objective. United States v. LeRose, 219 F.3d 335, 342 (4th Cir. 2000). In the instant case, Petitioner has not made any allegation that the Government possessed an unconstitutional motive for not filing a Rule 35(b) motion. Petitioner does, however, assert that the Government's decision not to file a motion was not rationally related to a permissible government objective. Petitioner asserts that he gave truthful information and it is not rational for the Government to treat one defendant's actions differently from another's actions. Petitioner states that the Government never asserted that he was untruthful.

A review of the record reveals that at Petitioner's sentencing hearing the Government stated two reasons for its decision not to file a downward departure motion. The first reason was its belief that Petitioner was not being truthful when he was debriefed. (3:03cr162: Doc. 61, p. 4.) The second reason was that Petitioner had violated the conditions of his bond when he was arrested and charged for a drunk driving offense. (3:03cr162: Doc. No. 61, p. 4.)

The record thus supports the conclusion that the Government did not refuse to file a downward departure motion based upon an unconstitutional motive. Moreover, the records supports the conclusion that the Government's refusal was based upon at least two reasons rationally related to permissible government objectives.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion Pursuant to Specific Performance to Compel the Government to File a Promised Rule 35(b) Motion (Doc. No. 6) is **DENIED**.

Signed: April 15, 2009

Frank D. Whitney
United States District Judge